IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

JENNIFER HUTSON,
_____
                    Plaintiff(s),
vs.

ALLSTATE FIRE CASUALTY INSURANCE
~~COMPANY~~,
_____
                    Defendant(s).

CASE NO. 3AN-16-7513 CI

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: ALLSTATE FIRE CASUALTY INSURANCE COMPANY

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Jeff Barber, whose address is: 821 N Street, Suite 103, ANCHORAGE, AK 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge RINDNER and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

7/6/16
Date

By: _____
        Deputy Clerk

I certify that on 7/6/16 a copy of this Summons was  [ ] mailed  [X] given to
[ ] plaintiff  [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order  [X] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(st.3)                                    Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

EXHIBIT 1
Page 1 of 1

Jeffrey J. Barber
Barber & Associates, LLC
Attorneys for Jennifer Hutson
821 N St., Suite 103
Anchorage, Alaska
(907) 276-5858

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JENNIFER HUTSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALLSTATE FIRE CASUALTY ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | **COPY** <br> Original Received <br> **JUL 0 6 2016** <br> Clerk of the Trial Courts <br><br> Case No. 3AN-16-7513 CI |

## COMPLAINT

COMES NOW the plaintiff, JENNIFER HUTSON, by and through her attorneys, and for her complaint against defendant ALLSTATE FIRE CASUALTY INSURANCE COMPANY, does state and allege as follows:

1. At all times material hereto, Jennifer Hutson was and is a resident of Anchorage, Alaska.

2. At all times material hereto, Allstate Fire Casualty Insurance Company (hereinafter "Allstate") was and is an insurance company doing business in the State of Alaska subject to the jurisdiction of this court.

4120/01 COMPLAINT
Hutson v Allstate Fire Casualty Insurance Co.,
Page 1

EXHIBIT 1
Page 2 of 11

Case 3:16-cv-00173-JWS   Document 1-1   Filed 08/10/16   Page 2 of 11

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

3. Allstate is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or agency and/or respondeat superior.

4. On 10/30/12, Ms. Hutson was injured in an auto collision.

5. At the time of the 10/30/12 collision, Ms. Hutson was insured by Allstate for medical payments coverage in the amount of $50,000.

6. Ms. Hutson properly submitted a medical payments claim to Allstate for medical treatment claimed related to the 10/30/12 collision.

7. Ms. Hutson's medical payments claim with Allstate was a first-party claim.

8. Allstate had an obligation to promptly, fairly and objectively investigate Ms. Hutson's medical payments claim.

9. Allstate had an obligation to promptly pay on behalf of Ms. Hutson all reasonable expenses incurred for necessary treatment within five years of the 10/30/12 accident because of the bodily injury.

10. Allstate had an obligation to treat Ms. Hutson's interests with equal regard as its own interests when handling her medical payments claim.

11. Medical Park Family Care, Excellence in Health, Everard Physical Therapy, and Barrington Chiropractic, and Alaska Spine Institute submitted medical bills to Allstate for payment under Ms. Hutson's medical payments coverage related to the 10/30/12 collision.

12. On 5/16/13, Allstate denied payment of Ms. Hutson's medical bills pending its request that Ms. Hutson submit to a medical examination with a doctor selected by Allstate.

Hutson v Allstate Insurance Co.,
2677 / 01 COMPLAINT
Page 2

EXHIBIT 1
Page 3 of 11

13. Allstate submitted medical records regarding Ms. Hutson to Dr. Levine and requested him to perform an "independent medical examination" of Ms. Hutson and answer questions about her condition in relation to the 10/30/12 collision.

14. On 6/12/13, Dr. Levine issued a report indicating, among other items: "The one main question that being asked is: Is the claimant's current medical condition causally related to the accident record? The answer would be yes."

15. Allstate submitted additional questions for Dr. Levine to answer.

16. On 7/9/13, Dr. Levine issued a supplemental report indicating, among other items, that the medical documentation supported a causal relationship between the reported injuries and the accident, that the subjective complaints were supported by objective findings, and that one would consider that the whiplash explained Ms. Hutson's overall situation.

17. According to Dr. Levine's reports dated 6/12/13 and 7/9/13, the medical bills from Excellence in Health, Barrington Chiropractic, Everard Physical Therapy and Alaska Spine Institute submitted to Allstate for treatment up through the date of Dr. Levine's 7/9/13 report were reasonably necessary because of the bodily injury in the 10/30/12 collision.

18. Dr. Levine's reports were communicated to Allstate within a week of each report date.

19. The adjuster handling Ms. Hutson's medical payments claim reviewed Dr. Levine's reports in June and July, 2013.

20. Allstate did not pay the medical bills it received from Excellence in

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

Health, Barrington Chiropractic, Alaska Spine Institute and Everard Physical Therapy for Ms. Hutson's medical treatment incurred from the date of the 10/30/12 collision through the date of Dr. Levine's 6/12/13 and 7/9/13 reports *__until over two years later__* on 11/30/15. See Allstate Medical Bill - Loss History dated 3/1/16 attached as Exhibit 1.

21. In a letter dated 3/17/14, Ms. Hutson's attorney wrote to Allstate Staff Counsel complaining that Allstate had failed to pay medical bills incurred as a direct result of the 10/30/12 collision and requesting arbitration of Ms. Hutson's medical payments claim.

22. The 3/17/14 letter from Ms. Hutson's attorney was communicated to the adjuster handling Ms. Hutson's medical payments claim within a week of the date of the letter.

23. On 3/4/15, Ms. Hutson's attorney filed a lawsuit against Allstate to compel arbitration in her medical payments claim.

24. In the lawsuit filed on 3/4/15, Ms. Hutson's attorney indicated that Ms. Hutson had medical expenses caused by the 10/30/12 collision which Allstate had not paid.

25. The lawsuit against Allstate filed on 3/4/15 was communicated to the adjuster handling Ms. Hutson's medical payments claim within a month of 3/4/15.

26. In June, 2015, a three-member arbitration panel convened a scheduling conference setting a hearing on the medical payments arbitration on 12/11/15.

27. On 11/30/15, ten days before the medical payment arbitration hearing, Allstate paid $15,977 of Ms. Hutson's medical expenses.

Hutson v Allstate Fire Casualty Insurance Co.,
2677 / 01 COMPLAINT
Page 4

EXHIBIT 1
Page 5 of 11

30. $11,896 of the medical expenses paid by Allstate on 11/30/15 were charges from Excellence in Health, Barrington Chiropractic, Alaska Spine Institute, and Everard Physical Therapy for Ms. Hutson's treatment submitted to Allstate before the date of Dr. Levine's 7/9/13 report which were denied by Allstate back in 2013.

31. Dr. Levine's 7/9/13 report indicated that the treatment corresponding with the $11,896 in charges received by Allstate and paid on 11/30/15 was reasonably necessary because of the 10/30/15 collision.

32. Allstate lacked a reasonable basis for denying payment of Ms. Hutson's medical expenses for the treatment submitted to Allstate and occurring before the date of Dr. Levine's 7/9/13 report.

33. Allstate lacked a reasonable basis for denying payment of other medical expenses submitted to Allstate which it paid on 11/30/15.

34. Allstate's employees and/or agents knew or should have known that Allstate lacked a reasonable basis for denying payment of Ms. Hutson's medical expenses for the treatment submitted to Allstate and occurring before the date of Dr. Levine's 7/9/13 report.

35. Allstate put its own interests ahead of the interests of Ms. Hutson when it denied payment of the her medical expenses submitted to Allstate before 7/9/13 until it paid those expenses on 11/30/15.

36. Allstate's failure to pay the medical expenses incurred by Ms. Hutson and submitted to Allstate before 7/9/13 until Allstate made payment for those expenses on 11/30/15 was conduct evidencing reckless disregard to the interests of Ms. Hutson and/or

Hutson v Allstate Fire Casualty Insurance Co.,
2677 / 01 COMPLAINT
Page 5

EXHIBIT 1
Page 6 of 11

Case 3:16-cv-00173-JWS   Document 1-1   Filed 08/10/16   Page 6 of 11

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

was outrageous conduct which was a substantial factor in causing harm to Ms. Hutson for which Allstate is liable.

37. Allstate's failure to pay the medical expenses incurred by Ms. Hutson and submitted to Allstate before 7/9/13 until Allstate made payment for those expenses on 11/30/15 was a breach of the contract which was a substantial factor in causing harm to Ms. Hutson for which Allstate is liable.

38. Allstate's failure to pay the medical expenses incurred by Ms. Hutson and submitted to Allstate before 7/9/13 until Allstate made payment for those expenses on 11/30/15 was a breach of the covenant of good faith and fair dealing which was a substantial factor in causing harm to Ms. Hutson for which Allstate is liable.

39. Allstate's failure to pay the medical expenses incurred by Ms. Hutson and submitted to Allstate before 7/9/13 until Allstate made payment for those expenses on 11/30/15 was part of an intentional scheme to delay and deprive benefits and motivated by financial gain.

40. Allstate's employees knew or should have known that the expenses it paid on 11/30/15 should have been paid much earlier.

41. Alternatively, Allstate is liable for negligent and/or recklessly adjusting Ms. Hutson's medical payments claim and/or negligently and/or recklessly training and/or supervising its employees which was a substantial factor in causing harm to Ms. Hutson for which Allstate is liable.

42. Allstate failed to fairly, reasonably, and objectively investigate Ms. Hutson's medical payments claim.

Case 3:16-cv-00173-JWS   Document 1-1   Filed 08/10/16   Page 7 of 11

43. Allstate was obligated to fairly, reasonably, and objectively *evaluate* Ms. Hutson's medical payments claim.

44. Allstate failed to fairly, reasonably and objectively *evaluate* Ms. Hutson's medical payments claim.

45. Allstate was obligated to *promptly* evaluate Ms. Hutson's medical payments claim.

47. Allstate failed to *promptly* evaluate Ms. Hutson's medical payments claim.

48. Allstate was obligated to promptly *pay* Ms. Hutson's medical payments claim.

49. Allstate failed to promptly *pay* Ms. Hutson's medical payments claim.

50. Allstate was obligated to promptly tender undisputed portions of Ms. Hutson's medical payments claim.

51. Allstate failed to promptly tender undisputed portions of Ms. Hutson's medical payments claim.

52. Allstate's process of systematically delaying payment through forced arbitration are part of Allstate's intentional plan, practice and scheme to put claimants to the choice of receiving prompt but unjust payment of claims (what Allstate calls its "Good Hands" treatment) or delayed payment and aggressive litigation (what Allstate calls its "Boxing Gloves" treatment).

53. Allstate inflicted its bad faith claims handling system on Ms. Hutson thereby depriving her of the fair claim handling and insurance benefits that she had paid for, and to which she was entitled under her policy.

54. Allstate's conduct caused Ms. Hutson damages including economic harm, delay damages, economic disruption, inconvenience, arbitration expenses, mental distress, pain and suffering, and the loss of the value of the fair claim handling and insurance benefits of her insurance policy.

55. Allstate is liable for punitive damages.

WHEREFORE, having fully pled her complaint, Ms. Hutson requests a judgment against Allstate for compensatory damages in an amount greater than $100,000.00 and punitive damages in an amount to be determined by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 5th day of July, 2016.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
Jeffrey Barber
ABA No. 0111058

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

Hutson v Allstate Fire Casualty Insurance Co.,
2677 / 01 COMPLAINT
Page 8

EXHIBIT 1
Page 9 of 11

Case 3:16-cv-00173-JWS   Document 1-1   Filed 08/10/16   Page 9 of 11

March 01, 2016

## Medical Bill - Loss History

| | | |
|---|---|---|
| Injured Person: | JENNIFER HUTSON | Claim Number: 000266826171 |
| Policyholder: | JENNIFER HUTSON | Injured Person Id: 01 |
| Contact Person: | | Date of Loss: 10/30/12 |
| Total Loss Paid: $ 25,963.00 | | Co-Payment Amount: $ 0.00 |

| Date Received | Date Paid | Provider | Payee/Payor | Date From | Date Thru | Check Number | Billed Amount | Paid Amount* | Benefit Claimed** |
|---|---|---|---|---|---|---|---|---|---|
| 12/05/12 | 12/07/12 | MEDICAL PARK FAMILY CARE INC | MEDICAL PARK FAMILY CARE | 11/20/12 | 11/20/12 | 621134632 | $ 515.00 | $ 515.00 | MD |
| 02/13/13 | 02/28/13 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 01/08/13 | 01/19/13 | 621182966 | $ 2,355.00 | $ 2,351.00 | MD |
| 02/13/13 | 02/28/13 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 01/19/13 | 01/24/13 | 621182965 | $ 1,835.00 | $ 1,830.00 | MD |
| 03/22/13 | 04/11/13 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 02/07/13 | 02/15/13 | 621212692 | $ 920.00 | $ 917.00 | MD |
| 04/18/13 | 05/08/13 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 02/27/13 | 03/26/13 | 621228756 | $ 2,220.00 | $ 1,737.00 | MD |
| 06/04/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 05/01/13 | 05/09/13 | 621818187 | $ 1,330.00 | $ 1,328.00 | MD |
| 05/22/13 | 11/30/15 | ALASKA SPINE INSTITUTE | RMA DBA ALASKA SPINE INSTITUTE | 05/10/13 | 05/10/13 | 621818188 | $ 2,833.00 | $ 2,833.00 | MD |
| 05/08/13 | 11/30/15 | BARRINGTON CHIROPRACTIC | BARRINGTON CHIROPRACTIC | 04/29/13 | 04/29/13 | 621818185 | $ 3,326.00 | $ 1,321.00 | MD |
| 06/10/13 | 11/30/15 | | EVERARD PHYSICAL THERAPY | 05/20/13 | 05/31/13 | 621818184 | $ 845.00 | $ 845.00 | MD |
| '08/13 | 11/30/15 | | EVERARD PHYSICAL THERAPY | 06/18/13 | 06/20/13 | 621818178 | $ 505.00 | $ 505.00 | MD |
| 06/18/13 | 11/30/15 | | EVERARD PHYSICAL THERAPY | 06/04/13 | 06/06/13 | 621818177 | $ 570.00 | $ 570.00 | MD |
| 05/07/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 04/04/13 | 04/04/13 | 621818189 | $ 255.00 | $ 254.00 | MD |
| 08/30/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 06/19/13 | 07/15/13 | 621818183 | $ 1,521.00 | $ 1,521.00 | MD |
| 09/23/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 07/23/13 | 09/03/13 | 621818181 | $ 1,550.00 | $ 1,270.00 | MD |
| 07/26/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 03/26/13 | 03/26/13 | 621818180 | $ 480.00 | $ 450.00 | MD |
| 05/07/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 04/03/13 | 04/04/13 | 621818179 | $ 315.00 | $ 315.00 | MD |
| 06/21/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 05/14/13 | 06/03/13 | 621818191 | $ 2,185.00 | $ 2,184.00 | MD |
| 05/08/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 04/10/13 | 04/25/13 | 621818190 | $ 1,225.00 | $ 1,223.00 | MD |
| 05/07/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 03/28/13 | 04/01/13 | 621818186 | $ 345.00 | $ 344.00 | MD |
| 05/07/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 04/01/13 | 04/01/13 | 621818182 | $ 175.00 | $ 174.00 | MD |
| 07/22/13 | 11/30/15 | EXCELLENCE IN HEALTH | EXCELLENCE IN HEALTH | 06/05/13 | 06/12/13 | 621818192 | $ 840.00 | $ 840.00 | MD |
| 11/15/16 | 02/10/16 | BARRINGTON CHIROPRACTIC | BARRINGTON CHIROPRACTIC | 04/29/13 | 04/29/13 | 621864524 | $ 3,362.00 | $ 2,636.00 | MD |

*Payment Amount Does Not Include Interest.

EXHIBIT 1
Page 10 of 11

EXHIBIT 1

**Benefit Claimed**

MD: Medical; WL: Wage Loss; RS: Replacement Services; FN: Funeral; SV: Survivor; ML: Mileage; CC: Child Care; TR: Travel Reimbursement;
AD: Accidental Death; DI: Death Indemnity; ES: Essential Services

Note: Above benefit types are not applicable for all states.

EXHIBIT 1
Page 11 of 11